### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

DAREADELL TERRELL THOMPSON                                          PLAINTIFF

v.                                                  CIVIL ACTION NO. 4:10cv102-TSL-MTP

CITY OF MERIDIAN, MISSISSIPPI                                       DEFENDANT

### ORDER

The Civil Service Commission for the City of Meridian, Mississippi, has filed a Motion

to Quash [51] "pursuant to Rule 45(c)(3)(A)(iii)FRCP."  The title of that section of Fed. R. Civ.

P. 45 is "Quashing or Modifying a Subpoena."  However, no subpoenas have been issued to

quash.  Further, it appears that a prior order of this Court [45] directed the parties to proceed in a

certain way, but it does not appear that the order is being followed.

Plaintiff's cause of action alleges racial discrimination and violations of his constitutional

rights by the Defendant associated with his termination as a police officer.  On January 28, 2011,

United States Magistrate Judge Linda Anderson, who was previously assigned to this case,

entered an Order [45] relating to Plaintiff's Motion to Compel Depositions [35].  That order

reads, in straightforward, simple, and pertinent language as follows:

> Plaintiff requests leave of Court to notice the depositions of . . . individual members of
> the Meridian Civil Service Commission.  Defendant City of Meridian objects, asserting
> that the members' decision-making process is privileged.  Counsel for the City also
> maintains that the members have separate counsel, and that neither the commission
> members or their attorney have been notified of the motion and hearing.
>
> The Court finds that Plaintiff shall be granted leave of Court to serve deposition
> subpoenas on the individual members.  The subpoenas shall set forth the description of
> the questions to be asked.  To lessen the costs to Plaintiff, defense counsel shall facilitate
> proper service of these subpoenas and shall submit copies of the subpoenas and shall
> submit copies of the subpoenas to the Commission members' counsel.  If specific
> objections are made by the members to the requested testimony, and applicable privileges
> are raised, the individuals shall file the appropriate motion for protective order.

On the same day as this order [45], Plaintiff filed a Notice to Take Deposition of Individuals [46], namely the members of the Civil Service Commission and its secretary.  That notice was for "a date and time to be determined, . . ."  Three days later, a notice of deposition for the commissioners was filed [49] giving a date and time (February 14, 2011 at 10:00 a.m.).

On February 10, the non-party Civil Service Commission, by and through counsel, filed the instant Motion to Quash [51].  Counsel's understanding of what is going on is apparently based on copies of email between counsel for Plaintiff and Defendant.  His purpose in filing the motion is as follows:

> Irrespective of any procedural defects and in the absence of any motion to compel, as was the previous method used to get the matter before the Court, Counsel wishes to present to the Court the issue of the propriety of deposing the members of the Meridian Civil Service Commission and its employee about a prior decision of the Meridian Civil Service Commission.

> Counsel would ask the Court to quash the notice of depositions filed by Plaintiff, not because they lack a date and time, and not because they were not served, but for the following reasons: . . .

What follows is a brief discussion of a public body speaking only through its minutes as well as the deliberative process privilege.  Defendant joins [53] the Civil Service Commission's Motion to Quash, and expands upon its basic legal arguments.

It is unclear whether the instant motion is a preemptive strike for the commissioners and its employee to avoid being deposed at all or a request for an advisory opinion from this Court. Neither is helpful under the circumstances.  What seems clear is that Magistrate Judge Anderson's order has not been followed, beginning with the Plaintiff's failure to serve deposition subpoenas. Thus, there are no subpoenas to quash.  Once they are issued (and "set forth the description of the questions to be asked"), the commissioners may make specific objections and

2

raise applicable privileges through an appropriate motion for protective order.  Prior to any such motion, the parties are obligated to confer in good faith and to submit a good faith certificate. *See* L. U. Civ. R. 45(e) ("Motions regarding subpoenas will be considered discovery motions and are governed by the procedural requirements that govern discovery motions.").  *See also* L. U. Civ. R. 37 (requiring good faith certificate; the Court notes that the instant motion did not include the good faith certificate).  The Court will then rule on the issues raised so long as the parties comply with the Local Rules.

At this point, all the Court knows is that Plaintiff wants to find out "why each of the members voted the way they did" ([54] at 2, 4) and explore whether the "city attorney, mayor and chief administrative officer contacted the members of the Civil Service Commission *ex parte* to solicit their vote in favor of Plaintiff's termination."  *Id.* at 4 (internal quotations omitted). Counsel for the Civil Service Commission concedes that "[t]he only available area of discovery would be for purely factual matters concerning improper contact or in an attempt to influence the Civil Service Commission's decision." [51] at 3.

Accordingly, **IT IS ORDERED**:

The Motion to Quash [51] filed by the Meridian Civil Service Commission is **DENIED AS PREMATURE.**

**SO ORDERED** this the 24th day of February, 2011.

/s Michael T. Parker
United States Magistrate Judge